**JS-6**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| WARREN CLEVELAND GREEN, | No. CV 17-6061-CJC (PLA) |
| Petitioner, | **ORDER SUMMARILY DISMISSING HABEAS PETITION AS SUCCESSIVE** |
| v. | |
| THE PEOPLE OF CALIFORNIA, | |
| Respondent. | |

## I.
## BACKGROUND

Warren Cleveland Green ("petitioner") initiated this action on August 15, 2017, by filing a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 ("2017 Petition" or "2017 Pet."). The 2017 Petition challenges his November 30, 2000, conviction in the Los Angeles County Superior Court, case number VA060402, for shooting at an inhabited dwelling (Cal. Penal Code § 246), four counts of making terrorist threats (Cal. Penal Code § 422), and one count of possession of a firearm by a felon (Cal. Penal Code § 12021(1)(1)).  (2017 Pet at 3[1]).

---

[1]  For ease of reference, the Court refers to the ECF-generated page numbers when referring to the 2017 Petition.

The Court observes that on May 11, 2005, petitioner filed an earlier habeas petition in this Court, in case number CV 05-3510-CJC (PLA) ("CV 05-3510"), also challenging his 2000 conviction ("2005 Petition"). The 2005 Petition was dismissed with prejudice as time barred, pursuant to the Judgment entered on February 17, 2006. (Case No. CV 05-3510, ECF No. 34). Petitioner's request for a certificate of appealability was denied by the Court. (Case No. CV 05-3510, ECF No. 36). His request to the Ninth Circuit for a certificate of appealability was denied by that court on November 30, 2006. (Case No. CV 05-3510, ECF No. 40).

On August 17, 2017, after reviewing the 2017 Petition, the Magistrate Judge ordered petitioner to show cause on or before September 29, 2017, why the 2017 Petition should not be summarily dismissed (1) as successive, and/or (2) as time barred. (ECF No. 7 at 4-5). The Magistrate Judge advised petitioner that he must submit documentation to the Court showing that he properly filed an application in the Ninth Circuit for an order authorizing the district court to consider a successive petition, "*and* that the Ninth Circuit issued such an order"; and a response making clear his arguments, if any, as to why the 2017 Petition should not be dismissed as time barred. (Id.).

On September 11, 2017, petitioner filed a Response to the Order to Show Cause, in which he provided the Court with the Ninth Circuit's August 31, 2017, acknowledgment of receipt of petitioner's Application for Permission to File a Second or Successive Habeas Corpus Petition. (ECF No. 8). Petitioner did not file any further response to the OSC either with that submission or at any time after that date, and the time to do so has expired. Accordingly, the Magistrate Judge discharged the August 17, 2017, Order to Show Cause.

## II.

## **DISCUSSION**

A federal habeas petition is successive if it raises claims that were or could have been adjudicated on the merits in a previous petition. Cooper v. Calderon, 274 F.3d 1270, 1273 (9th Cir. 2001) (per curiam). The AEDPA provides that a claim presented in a second or successive federal habeas petition that was not presented in a prior petition shall be dismissed unless:

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2)(A), (B).

Furthermore, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

In his 2005 Petition, petitioner raised the following grounds for relief: (1) he was subjected to an illegal search and seizure, and was arrested without a warrant; (2) trial counsel provided ineffective assistance; (3) his equal protection rights were violated; and (4) his sentence constitutes cruel and unusual punishment. (Case No. CV 05-3510, ECF No. 30). As mentioned above, the 2005 Petition was dismissed with prejudice as time barred. In the 2017 Petition, as best the Court can glean, petitioner raises the following claims: (1) there was insufficient evidence of inculpatory statements alleged to have been made by petitioner; (2) the prosecution suppressed evidence; (3) there was no eyewitness to the crime, evidence was suppressed, and he could have been exonerated had a ballistics test been conducted; (4) his sentence constitutes cruel and unusual punishment; and (5) there was insufficient evidence to support the jury's verdict. (2017 Pet. at 6-8).

A habeas petition that has been dismissed for failure to comply with the statute of limitations "renders subsequent petitions second or successive for purposes of the AEDPA." McNabb v. Yates, 576 F.3d 1028, 1030 (9th Cir. 2009) (contrasting Slack v. McDaniel, 529 U.S. 473, 485-86, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000), which held that a prior petition dismissed without prejudice for failure to exhaust state remedies leaves open the possibility for future litigation); see also Henderson v. Lampert, 396 F.3d 1049, 1053 (9th Cir. 2005) (a dismissal of a first petition with prejudice because

of a procedural default constitutes a disposition on the merits and renders a subsequent petition second or successive for purposes of 28 U.S.C. § 2244(b)).

Accordingly, because the 2005 Petition was dismissed with prejudice as time barred, and the 2017 Petition raises claims that were or could have been adjudicated on the merits in a previous petition, the 2017 Petition is considered to be a successive application. Even if petitioner's claims in the 2017 Petition satisfied the AEDPA standards for filing a successive petition -- which they do not appear to do -- **he nevertheless is required to seek *and obtain* authorization from the Ninth Circuit before filing a successive petition.**[2] 28 U.S.C. § 2244(b)(3)(A); see Burton v. Stewart, 549 U.S. 147, 153, 127 S. Ct. 793, 166 L. Ed. 2d 628 (2007) (AEDPA requires petitioner to receive authorization from the Court of Appeals before filing a second habeas petition). Here, there is no indication that petitioner has obtained such permission from the Ninth Circuit. Neither does the Ninth Circuit website reflect that it has granted authorization for petitioner to file a successive petition. See Ninth Circuit Website, Green v. Martel, Case No. 17-72458. Therefore, this Court is without jurisdiction to entertain the 2017 Petition under 28 U.S.C. § 2244(b). See id.; Cooper, 274 F.3d at 1274 ("'When the AEDPA is in play, the district court may not, in the absence of proper authorization from the court of appeals, consider a second or successive habeas application.'").

Accordingly, dismissal of the 2017 Petition as successive is appropriate.

/
/
/
/
/

---

[2] The 2017 Petition is subject to the AEDPA's one-year statute of limitations period, as set forth under 28 U.S.C. § 2244(d). See Calderon v. U.S. Dist. Ct. (Beeler), 128 F.3d 1283, 1286 (9th Cir. 1997). In most cases, the limitation period begins to run from "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner filed the 2017 Petition on August 15, 2017. (ECF No. 1). On its face, therefore, as was the case with respect to petitioner's 2005 Petition, the 2017 Petition, filed seventeen years after his conviction, also appears to be barred by the statute of limitations.

## III.

## CONCLUSION

IT IS THEREFORE ORDERED that this action is **dismissed without prejudice** as successive.[3]

DATED: October 4, 2017

                                        HONORABLE CORMAC J. CARNEY
                                        UNITED STATES DISTRICT JUDGE

---

[3] If petitioner *obtains* permission from the Ninth Circuit Court of Appeals to file a successive petition, he should file a new petition for writ of habeas corpus. He should not file an amended petition in this action or use the case number from this action because the instant action is being closed today. If petitioner files a new petition, the Court will give that petition a new case number.